## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-22-107-J |
| JASMINE SHANICE HUNT, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Before the Court is Defendant's "Motion for Compassionate Release and Change of Method Remainder of Sentence Is Served" (Motion for Compassionate Release) [Doc. No. 52].

Section 3582(c)(1)(A)(i) provides, in pertinent part:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> 
> (i) extraordinary and compelling reasons warrant such a reduction;
> 
> \*       \*       \*
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines, the corresponding guideline provision to 18 U.S.C. § 3582(c)(1)(A), contains three requirements for discretionary compassionate release: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the safety of any other person or to the community,

as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement.[1] U.S.S.G. § 1B1.13.

Upon review of Defendant's motion, the Court finds that Defendant has not shown any extraordinary or compelling reasons warranting a change in the method the remainder of her sentence is served.[2] Accordingly, the Court DENIES Defendant's Motion for Compassionate Release [Doc. No. 52].

IT IS SO ORDERED this 9th day of July, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[1] These requirements are consistent with those set forth in the statute.
[2] Defendant has also not shown that she requested the warden of her facility to bring a motion on her behalf and has thus failed to exhaust her administrative remedies.